IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MALIA LITMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| HOMELAND SECURITY, et al., ) | |
| ) | |
| Defendants. ) | Civil Action No. 3:15-CV-760-C |

### **ORDER**

On this day the Court considered:

(1) Plaintiff Malia Litman's Motion for Attorney's Fees and Costs Pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(E), filed June 22, 2016;

(2) Plaintiff Litman's Rule 59(e) Motion to Alter or Amend Judgment, filed June 24, 2016;

(3) Defendants United States Department of Homeland Security Office of the General Counsel (DHS) and United States Secret Service's (USSS) Response to Plaintiff's Motion for Attorney Fees and Costs, filed July 6, 2016;

(4) Defendants' Response to Plaintiff's Motion to Alter or Amend Judgment, filed July 9, 2016;

(5) Plaintiff Litman's Unopposed Motion for Leave to File Reply in Support of Her Motion for Attorney Fees and Costs, filed July 13, 2016; and

(6) Plaintiff Litman's Reply in Support of Her Motion for Attorney Fees and Costs, filed July 13, 2016.

Having considered the foregoing, the Court is of the opinion that Plaintiff's Unopposed Motion for Leave to File Reply should be **GRANTED** and the Court considers Plaintiff's Reply.

The Court is further of the opinion that Plaintiff's Motion for Attorney's Fees and Costs should be **DENIED** and that her Rule 59(e) Motion should be **DENIED**.

## I. BACKGROUND

Plaintiff, Malia Litman, seeks information from DHS and its subordinate agencies about recent stories reported in the media involving the allegedly improper actions of various Secret Service agents. Litman submitted multiple Freedom of Information Act (FOIA) requests to DHS between June 2012 and February 2015. She asserts that many of these requests were ignored, others were summarily ruled on without production or explanation, and others were only partially answered with redacted documents and vague assertions that responsive documents fall under one of FOIA's nine exemptions. Litman filed this civil action seeking to compel DHS to fully respond to her FOIA requests and produce responsive documents by a definite date.

On February 26, 2016, this Court entered an order granting in part and denying in part Litman's motion for summary judgment. The Court ordered Defendants DHS, USSS, and Office of Inspector General (OIG) to "fully and finally respond to all pending FOIA requests of Plaintiff Malia Litman by completing their search and review of documents and producing, at their expense, all non-exempt records that are responsive to Plaintiff's requests no later than sixty (60) days from the date of [that] order." The Court further ordered Defendants to "provide a *Vaughn* index or detailed affidavits sufficient to justify the withholding of any documents that are deemed by the Defendants to be exempt under FOIA, specifically identifying each exemption being claimed in relation to each document."

Defendants DHS and USSS complied with that order and then filed their motions for summary judgment seeking to be released from the case. On June 15, 2016, this Court granted

those motions and terminated Defendants DHS and USSS as parties after finding that they had successfully satisfied their FOIA obligations to Litman. Litman now moves for an award of attorney's fees and costs against these two defendants and also seeks to vacate the summary judgment order entered in their favor.

## II. STANDARDS

*Motion for Attorney's Fees and Costs*

In calculating attorney's fees, the "lodestar method" is used. *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996). Under this method, the Court determines the reasonable number of hours expended and the reasonable rate for the participating attorneys. The Court then multiplies these two figures together to arrive at the lodestar. *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997). In determining the lodestar, this Court is guided by the twelve factors of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

In the FOIA context, an award of attorney's fees and costs is discretionary with the Court and should be awarded only where a plaintiff has demonstrated that she is both eligible for and entitled to an award. 5 U.S.C. § 552(a)(4)(E)(I); *Batton v. I.R.S.*, 718 F.3d 522, 525 (5th Cir. 2013). To be considered "eligible" for an award, a plaintiff must have substantially prevailed in her case, which can be demonstrated in one of two ways: (1) obtaining a court order in her favor or (2) through the catalyst theory, which requires showing that prosecution of the action could reasonably be regarded as necessary to obtain the information and that the action had a substantive causative effect on the delivery of the information. *Batton*, 718 F.3d at 525. Once a plaintiff has demonstrated that she has substantially prevailed and is eligible for an award, the Court shifts to the second inquiry of whether the plaintiff is entitled to an award. To determine

3

whether a plaintiff is "entitled" to an award, the Court looks to four factors: (1) the benefit to the public deriving from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in law. *Id.* at 527.

*Rule 59(e) Motion*

A Rule 59(e) motion calls into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). Relief under Rule 59(e) is an extraordinary remedy that can be granted on one of three grounds: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). District courts have "considerable discretion" in deciding whether to grant or deny a Rule 59(e) motion. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990).

### III. DISCUSSION

**A. Motion for Attorney's Fees and Costs.**

Litman moves for the recovery of her attorney's fees and costs incurred in prosecuting this action against Defendants DHS and USSS. FOIA provides for a discretionary award of attorney's fees to a plaintiff that is both "eligible" and "entitled" to such. 5 U.S.C. § 552(a)(4)(E)(i); *Batton*, 718 F.3d at 525. Having carefully considered the arguments of the parties, the applicable law, and the relevant factors, the Court is of the opinion that Litman's Motion for Attorney's Fees and Costs should be denied. Even assuming that Litman is eligible for an award by nature of the Court's February 26 order, she has not shown that she is entitled to

an award because she has not shown that her pursuit of records involves a legitimate public benefit. *See Cotton v. Heyman*, 63 F.3d 1115, 1120 (D.C. Cir. 1995) (explaining that generally increasing public knowledge about the government is not a legitimate public benefit within the meaning of the statute).

**B. Rule 59(e) Motion.**

Litman further moves for the Court to vacate its prior summary judgment in favor of DHS and USSS under Rule 59(e). Litman's motion is based in the second ground for Rule 59 relief, asserting that there is new evidence that has come to light regarding Defendant OIG's transfer of certain document requests to DHS and USSS for review. *See In re Benjamin Moore & Co.*, 318 F.3d at 629. Having carefully considered the arguments of the parties and the applicable law, the Court is of the opinion that Litman has not met her heavy burden of showing that there is any new evidence not previously available that warrants the extraordinary relief sought by her Rule 59 motion. Accordingly, that motion is denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Unopposed Motion for Leave to File Reply is **GRANTED**, Plaintiff's Motion for Attorney's Fees and Costs is **DENIED**, and Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment is **DENIED**.

SO ORDERED this 15th day of July, 2016.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE